IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **MARIANNE MINUTO,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**ENSUREM II, LLC**, a Delaware company,<br><br>*Defendant,* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Marianne Minuto ("Plaintiff Minuto" or "Minuto") brings this Class Action Complaint and Demand for Jury Trial against Defendant Ensurem II, LLC ("Defendant Ensurem" or "Ensurem") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Minuto, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Marianne Minuto is a resident of Rockaway Park, New York.

2. Defendant Ensurem is a Delaware registered company headquartered in Clearwater, Florida. Defendant Ensurem conducts business throughout this District, Florida, and the US.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant has its headquarters in this District and conducts business in and from this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and because the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

6. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11. According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in June 2021 alone, at a rate of 148 million calls per day. www.robocallindex.com (last visited July 7, 2021).

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

15. Defendant Ensurem specializes in selling insurance products to senior citizens.[3]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/ensurem/about/

16. Defendant Ensurem boasts of having "the capacity to reach over ¼ million seniors per month."[4]

17. Defendant Ensurem makes cold calls to prospective consumers to see if they are interested in buying insurance products.

18. Defendant Ensurem uses pre-recorded voice message calls, despite having never obtained the necessary consent required to place the calls.

19. For example, in Plaintiff Minuto' case, the Defendant placed multiple pre-recorded calls to Minuto' landline phone number despite the fact that Minuto never consented to receive such calls.

20. In response to these calls, Plaintiff Minuto files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

21. There are numerous complaints posted online about unsolicited telemarketing calls that consumers received from or on behalf of Defendant Ensurem, including pre-recorded voice message calls.[5]

## PLAINTIFF MINUTO'S ALLEGATIONS

22. Plaintiff Minuto registered her residential phone number on the DNC on June 29, 2003.

23. Plaintiff's number is for personal use and not associated with a business.

---

[4] *Id*.
[5] https://800notes.com/Phone.aspx/1-310-424-1148, https://800notes.com/Phone.aspx/1-855-695-8210, https://www.bbb.org/us/fl/clearwater/profile/insurance-software/ensurem-0653-90306117/complaints

24. In March, 2021, Plaintiff started receiving a series of unsolicited pre-recorded calls regarding Medicare insurance. All these calls were placed using phone numbers beginning with area code 929.

25. When Plaintiff answered the calls, she would interact with a sophisticated pre-recorded voice recognition system that would recognize and respond to certain prompts that Plaintiff would provide. The voice stated that the agent's name was "Kelly," among other names.

26. The pre-recorded voice message stated that Plaintiff could press "1" to opt-out of receiving additional calls.

27. Plaintiff pressed "1" multiple times, but she continued to receive the calls.

28. Plaintiff also listened to prompts from pre-recorded agents like Kelly and tried get the call transferred to live agents. She then instructed those live agents to stop calling her phone number.

29. Despite multiple opt-out attempts, the Plaintiff kept receiving similar pre-recorded calls to her landline phone.

30. Plaintiff received a call from, or on behalf of the Defendant on May 26, 2021 from 929-447-8158.

31. Plaintiff did not answer this call, but a few minutes later, she called the phone number 929-447-8158 back. This call was answered by Kelly, the same pre-recorded agent who had called the Plaintiff in the past.

32. Plaintiff answered Kelly's questions, as she had done in previous calls, and was transferred to a live agent who identified herself as Linda Pignataro. Pignataro told Plaintiff that she was with Defendant Ensurem and provided the website address Ensurem.com.

33. Pignataro's Linkedin profile confirms that she is an employee of Defendant Ensurem who sells Medicare solutions by Ensurem to consumers.[6]

34. Plaintiff Minuto explained to Defendant's employee Pignataro that she was receiving unsolicited calls despite opting-out and asked once more for the calls to stop.

35. Defendant's employee Pignataro told Plaintiff Minuto that she would have Plaintiff added to their do not call list.

36. Despite this request, Plaintiff continued to receive unsolicited calls from, or on behalf of Defendant including on May 27, 2021 at 3:25 PM from 929-427-0799.

37. Plaintiff was not looking for additional benefits or any Medicare related products or services and did not give consent to Defendant or its agents to call her.

38. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Minuto in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

39. The unsolicited calls that Plaintiff received also caused her great anxiety and concern that the calls will continue.

40. Seeking redress for these injuries, Plaintiff Minuto, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

41. Plaintiff Minuto brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

---

[6] https://www.linkedin.com/in/linda-pignataro-86002927/

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Ensurem called (2) using an artificial or pre-recorded voice.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Ensurem called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days.

42. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Minuto anticipates the need to amend the Class definition following appropriate discovery.

43. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) whether Defendant Ensurem or its agents placed pre-recorded voice message calls to Plaintiff Minuto and members of the Pre-recorded Class without first obtaining consent to make the calls;

 (b) whether Defendant placed multiple calls to Plaintiff and members of the Do Not Call Registry class without first obtaining consent to make the calls;

 (c) whether Defendant's conduct constitutes a violation of the TCPA;

 (d) whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

 (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

 45. **Adequate Representation**: Plaintiff Minuto will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Minuto has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Minuto and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Minuto nor her counsel have any interest adverse to the Classes.

 46. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Minuto. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible

for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Minuto and the Pre-recorded No Consent Class)

47. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

48. Defendant Ensurem and/or its agents transmitted unwanted telephone calls to Plaintiff Minuto and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

49. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Minuto and the other members of the Pre-recorded No Consent Class.

50. The Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff Minuto and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Minuto and the Do Not Registry Class)

51. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference.

52. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

53. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

54. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

55. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not

Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

56. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

   a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

   b) An award of actual and/or statutory damages and costs;

   c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

   d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

   e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Minuto requests a jury trial.

**MARIANNE MINUTO**, individually and
on behalf of all others similarly situated,

DATED this 12th day of July, 2021.

By: /s/ Stefan Coleman
Stefan Coleman (FL Bar No. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman* (FL Bar No. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
*Trial Counsel

*Attorneys for Plaintiff and the putative Class*
